IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DONALD J. HUDDLESTON**    **Plaintiff**

v.     No. 1:24-cv-00170-MPM-DAS

**MISSISSIPPI DEPARTMENT OF**
**EMPLOYMENT SECURITY**    **Defendant**

**ORDER**

This cause comes before the Court on Plaintiff Donald J. Huddleston's motions for default judgment [7, 10]. Defendant Mississippi Department of Employment Security ("MDES") has responded in opposition [8] asserting that Mr. Huddleston's complaint should be dismissed for failure to effectuate service of process pursuant to Federal Rule of Civil Procedure 4.

On September 6, 2024, Mr. Huddleston, representing himself *pro se*, filed a complaint against MDES for misappropriation of funds under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. Mr. Huddleston alleges that MDES wrongfully withheld his unemployment benefits and that he overpaid taxes, including late fees, penalties, and interest due to MDES' failure to provide the necessary tax forms. On October 4, 2024, MDES' legal assistant was served with a copy of the summons and complaint. On December 5, 2024, MDES had not responded to the merits of Mr. Huddleston's complaint but instead requested the Court dismiss his complaint entirely for failure to serve process under Rule 4(j)(2):

> **(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4. Under Mississippi Rule of Civil Procedure 4(d)(5), service of process upon any of the state's departments, officers, or institutions must be done by delivering a copy of the summons and complaint to the Attorney General for the State of Mississippi. M.R.C.P. 4.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. Mr. Huddleston failed to properly serve MDES in accordance with Federal Rule of Civil Procedure 4 and the local rules of the state of Mississippi; however, the Court is inclined to grant Mr. Huddleston, a *pro se* plaintiff, additional time to properly serve process on MDES. Mr. Huddleston's misinterpretation of the rules should not prevent him from exercising his right to the judicial system. Furthermore, the Court takes note of defense counsel's decision to ignore the merits of Mr. Huddleston's complaint and strategically move to dismiss his complaint based on a procedural error three months after its initial filing.

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Plaintiff shall serve process upon Defendant on or before April 16, 2024, in accordance with Federal Rule of Civil Procedure 4 and the local rules. If Defendant is not properly served on or before such date, Plaintiff's complaint shall be dismissed without prejudice. Plaintiff's motions for default judgment [7, 10] are **DISMISSED as moot**.

**SO ORDERED** this 19th day of March, 2025.

  /s/Michael P. Mills  
UNITED STATES DISTRICT JUDGE  
NORTHERN DISTRICT OF MISSISSIPPI