**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DONALD J. HUDDLESTON**                                                           **PLAINTIFF**

**v.**                                                              **No. 1:24-CV-00170-MPM-DAS**

**MISSISSIPPI DEPARTMENT OF
EMPLOYMENT SECURITY**                                          **DEFENDANT**

**<u>ORDER</u>**

       Presently before the Court is Defendant Mississippi Department of Employment Security's Motion to Dismiss for Lack of Jurisdiction [13]. The Pro Se Plaintiff Donald J. Huddleston has failed to file a timely response to the requested dismissal. This Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

**RELEVANT BACKGROUND**

       In June of 2020, Donald Huddleston applied for and received CARES Act funds and unemployment insurance benefits from the Mississippi Department of Employment Security ("MDES"). Mr. Huddleston was given a debit card from MDES to access these funds. In mid-July of 2020, Mr. Huddleston claims the employment card stopped working without an explanation from MDES. Mr. Huddleston reached out to MDES to resolve the issue but received no response.

       In March of 2021, Mr. Huddleston noticed that his "state taxes were higher than normal." After contacting the Mississippi Department of Revenue ("MDOR"), Mr. Huddleston discovered that his failure to file a "1099-G" tax form, which MDES was supposed to provide, led to this issue. Mr. Huddleston attempted to appeal the case to MDOR and the Mississippi Board of Tax

1

Appeals ("MSBTA") but was unsuccessful. Mr. Huddleston ultimately had to pay late fees, penalties, and interest because of MDES's failure to provide him with this tax form. In April of 2024, Mr. Huddleston's debit card expired with available funds still on the card's account. Mr. Huddleston maintains that MDES has "refused to be cooperative" and has provided "no response" regarding the matter. On June 8, 2024, Mr. Huddleston discovered that Mississippi legislation states that CARES Act funding is not taxable by the State of Mississippi, which led him to believe he had been overtaxed.

On September 6, 2024, Mr. Huddleston filed this lawsuit against MDES. Mr. Huddleston asserts multiple claims based on putative violations of the Due Process Clause of the Fourteenth Amendment, as well as claims for gross negligence, misappropriation of funds, mismanagement of funds, and breach of fiduciary duty under 29 U.S.C. § 1109. Mr. Huddleston seeks compensatory and punitive damages in the amount of $60 million, as well as injunctive, equitable, and remedial relief in the form of fines and penalties, including imprisonment.

On May 7, 2025, MDES filed a motion to dismiss based on Eleventh Amendment immunity. MDES claims that as an "arm of the state" they are entitled to sovereign immunity, and therefore, this Court lacks subject matter jurisdiction.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a case on the grounds that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when

the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may base its consideration on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dep't of Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

The party asserting that subject matter jurisdiction exists must bear the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Specifically, the plaintiff must prove by a preponderance of evidence that the court has jurisdiction based on the complaint and evidence. *Ballew v. Cont'l Airlines, Inc.*, 668, 781 F.3d 777 (5th Cir. 2012). In considering a motion to dismiss under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Pan-Am. Life Ins. Co. v. Bergeron*, 82 F. App'x 388, 390 (5th Cir. 2003) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

In deciding a Rule 12(b)(1) motion, the first determination the court must make is whether the motion is a facial or a factual challenge. A facial challenge is premised solely on the complaint and requires the court "merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). A factual challenge, however, questions the actual existence of subject matter jurisdiction, regardless of the pleadings. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). It considers matters outside the pleadings, including testimony and affidavits. *Id.* No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact to determine whether it has jurisdiction to hear the case. *Montez,* 392 F.3d at 149.

Here, the Court finds that MDES' motion is a factual challenge because it relies on Eleventh Amendment immunity to support its Rule 12(b)(1) motion.

**II.     Subject Matter Jurisdiction – Eleventh Amendment Immunity**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment of the U.S. Constitution provides states with sovereign immunity; it prohibits suits in federal court against nonconsenting States filed by their own citizens or citizens of other states. *Pennhurst State Sch.& Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This effectively limits the subject matter jurisdiction of federal courts. A state's sovereign immunity in federal court extends to private suits against state agencies, state departments, and other "arms of the state." *Matter of Entrust Energy, Inc.*, 101 F.4th 369, 383 (5th Cir. 2024) (citing *Daniel v. Uni. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020)). However, not all units of state government are immunized from federal action. *Id.*

To determine whether a unit qualifies as an "arm of the state" as a matter of law, we employ the six-factor test developed in *Clark v. Tarrant County, Tex.*, 798 F.2d 736 (5th Cir. 1986). *Id.* Those factors are:

> (1) Whether the state statutes and case law view the agency as an arm of the state; (2) The source of the entity's funding; (3) The entity's degree of local autonomy; (4) Whether the entity is concerned primarily with local as opposed to statewide, problems; (5) Whether the entity has the authority to sue and be sued in its own name; and (6) Whether the entity has the right to hold and use property.

*Id.* at 256-57. For Eleventh Amendment immunity to apply, it requires an inquiry into (1) whether the entity claiming immunity is an "arm of the state" and (2) whether the immunity

4

applies to the specific claims at issue. Therefore, to determine if the MDES qualifies as an "arm of the state," we must first apply the *Clark* factors.

**(1) MDES is an "arm of the state."**

Under Mississippi law, the term "State" includes "the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport, or other instrumentality thereof." Miss. Code Ann. § 11-46-1. This broad definition encompasses MDES, as it is a state agency whose primary function is to promote employment security and administer unemployment benefits. 20 Code Miss. R. Pt. 101 Introduction. These functions are integral to the state's efforts to support its workforce and economic stability. Additionally, MDES is governed by the Mississippi Employment Security Law, which grants it the power to adopt, amend, or rescind rules and regulations necessary to administer and interpret the law. 20 Code Miss. R. Pt. 101 Introduction.

The Mississippi Tort Claims Act ("MTCA") extends immunity to state employees and entities, including MDES, from liability and suit for torts. *Watts v. Tang*, 828 So. 2d 785, 791 (Miss. 2002). Furthermore, the MTCA explicitly states that nothing in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment. Miss. Code Ann. § 11-46-5(4). The Mississippi Legislature has expressed its intent that the sovereign immunity of the State of Mississippi or any department thereof, shall not be waived except by express authorization set forth in an enactment of the Mississippi Legislature. Miss. Code Ann. § 57-77-3. This legislative intent reinforces the protection of MDES under the Eleventh Amendment.

Furthermore, MDES is designated as the sole administer of all programs for which the state is the prime sponsor under Title 1(B) of Public Law 105-220, Workforce Investment Act of 1998.

5

Miss. Code Ann. § 7-1-355(1). The department may receive and disburse funds for these programs from any source. *Id.* However, all funds received by the MDES clear through the State Treasury as required by Sections 71-5-111 and 71-5-453 of the Mississippi Code Annotated. Miss. Code Ann. § 71-5-112. Expenditures from the administration fund of the department are made only pursuant to appropriation approved by the Mississippi Legislature and as provided by law. *Id.* Although the MDES has some degree of local autonomy, MDES ultimately operates under the authority and oversight of the state government.

Lastly, federal courts within this district have repeatedly held that MDES is an "arm of the state" of Mississippi for purposes of the Eleventh Amendment. *Martin v. Dunaway Food Servs.*, 2015 WL 518709, at 4* (S.D. Miss. Feb. 6, 2015); *Millsap v. Crosby*, 2014 WL 3548842, at 2* (S.D. Miss. July 17, 2014) (citations omitted); *Cannon v. Miss. Dep't of Employment Sec.*, 2012 WL 2685089, at 3* (S.D. Miss. July 6, 2012) (citing Miss. Code Ann. § 71-5-101 (establishing MDES within the "Office of the Governor")).

Therefore, based on the statutory definitions, case law, and legislative intent, the MDES is considered an "arm of the state" with regards to Eleventh Amendment immunity.

**(2) Eleventh Amendment immunity applies to the specific claims at issue.**

The State's immunity bars federal suits against "arms of the state" that are named as defendants, no matter whether the plaintiffs assert their claims under federal or state law. *Hopkins v. Mississippi*, 634 F. Supp. 2d 709 (S.D. Miss. 2009). This immunity applies regardless of the nature of the relief sought, including money damages and injunctive relief. *Pennhurst*, 465 U.S. at 100.

Eleventh Amendment immunity, however, is not limitless. While the Eleventh Amendment restricts the ability of federal courts to hear certain cases against states, there are exceptions where

states can be sued in federal court. These exceptions include situations where Congress has abrogated state immunity through legislation enacted under its Fourteenth Amendment powers, where a state has waived its immunity, or where the doctrine of *Ex parte Young* applies—which "requires that there be a request for prospective relief against state officials who are committing an ongoing federal violation." *La Union del Pueblo Entero v. Abbott*, 618 F. Supp. 3d 449, 463 (W.D. Tex. 2022); *see also*, *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020).

MDES qualifies as an "arm of the state" and is therefore entitled to sovereign immunity, barring Mr. Huddleston's claims unless a recognized exception to the immunity applies. Here, the State of Mississippi has not waived its Eleventh Amendment immunity from suit in federal court, nor has Congress clearly abrogated it. *Corn*, 954 F.3d at 274 (5th Cir. 2020) ("[T]he State of Mississippi explicitly preserved its sovereign immunity as to federal litigation when it promulgated MTCA.") (citing *McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (per curiam)). Additionally, the doctrine of *Ex parte Young* is not applicable to the present case, as Mr. Huddleston only named MDES, a state agency, as a defendant and not a state official. As a result, no exception saves Mr. Huddleston's claims from dismissal, and MDES is entitled to sovereign immunity.

The Court is sympathetic towards Mr. Huddleston's frustrations with MDES's failure to address and respond to his issues. Unfortunately, this Court is not the forum to address these concerns as presented.

**CONCLUSION**

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Mississippi Department of Employment Security's Motion to Dismiss for Lack of Jurisdiction [13] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED**, this 10th day of June 2025.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI